# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ROBERT JASON KEEGAN, ) <br> ) <br> Defendant. ) <br> ) <br> _____ ) | Case No. 12-40126-01-JAR |

## MEMORANDUM AND ORDER

This case comes before the Court on Defendant Robert Jason Keegan's objection to application of United States Sentencing Guideline § 2K2.1(a)(2) for having "committed any part of the instant offense subsequent to sustaining at least two felony convictions for either a crime of violence or a controlled substance offense."[1] Application of this guideline raised Defendant's base offense level from a level 20 to a level 24. While it is undisputed that one of Defendant's prior convictions for criminal use of weapons was a qualifying felony conviction, Defendant argues that his other prior conviction for criminal use of weapons was not a felony conviction.[2] The Court heard oral argument during a sentencing hearing on October 28, 2013. At the hearing, the parties were given until November 1, 2013 to provide additional legal authority. The objection is now fully briefed and the Court is prepared to rule. As described more fully below, the Court overrules Defendant's objection.

**I. Background**

---

[1] U.S.S.G. § 2K2.1(a)(2).

[2] Defendant does not dispute that this offense was "a crime of violence or a controlled substance offense" within the meaning of the guideline.

On August 9, 2011, Defendant was convicted of "Criminal Use of Weapons (Sawed-Off Shotgun)" in Kansas state court. According to Kansas law, Defendant's firearm conviction was designated as a felony. Under the Kansas statutory scheme, "The determination of a felony sentence is based on two factors: the current crime of conviction and the offender's prior criminal history."[3] Based on Defendant's criminal history, he was subject to a presumptive sentence of 7 to 9 months' imprisonment. Defendant initially received a suspended sentence of 8 months' imprisonment and 12 months' probation for his Kansas conviction. After having his probation revoked, the original sentence of 8 months was imposed.

On March 25, 2013, Defendant pleaded guilty before this Court to one count of unlawful use of a controlled substance while possessing a firearm in violation of 18 U.S.C. § 922(g)(3) and 18 U.S.C. § 924(a)(2). The United States Probation Office ("Probation") calculated Defendant's total offense level as 24 and his criminal history category as IV under the Guidelines. Thus, Defendant's sentencing range under the Guidelines was 70–87 months. Probation applied a sentencing enhancement under § 2K2.1(a)(2) based on his prior felony convictions under Kansas law. This enhancement raised Defendant's offense level from 20 to 24.

## II. Discussion

Defendant argues that his August 9, 2011 state firearms conviction is not a felony crime of violence. Defendant points to the Kansas sentencing scheme, a system of mandatory sentencing guidelines, whereby a defendant's sentence is based on application of a two-

---

[3]*Kansas v. Gould*, 23 P.3d 801, 811 (Kan. 2001) (citing K.S.A. § 21-4704).

dimensional grid.[4] One axis of the grid is based on the "crime severity scale which classifies current crimes of conviction;"[5] the other axis is "the criminal history scale which classifies criminal histories."[6] The criminal history scale of classification is in turn based on an offender's "criminal history score," which is comprised of the offender's "criminal record of adult felony, class A misdemeanor, class B person misdemeanor or select misdemeanor convictions and comparable juvenile adjudications at the time such offender is sentenced."[7] The crime severity scale of Defendant's offense of conviction was "Severity Level IX" and his criminal history classification was G, which rendered a sentencing range of 7 to 9 months under the Kansas Sentencing Guidelines. The state judge imposed a sentence of eight months.

**A.     Felony under Kansas law**

Because the Kansas guideline system is mandatory, and because under that system he could not be sentenced to more than 9 months based on his individual circumstances, Defendant argues that the conviction is not a "felony conviction" within the meaning of § 2K2.1(a)(2). As discussed below, the meaning of "felony conviction" under § 2K2.1(a)(2) is not at all dependent on the length of the sentence received or served for the state conviction. Moreover, even if this was a misdemeanor under Kansas law, the Court wholly rejects Defendant's argument that the state's classification of the offense as a felony or misdemeanor controls for purposes of applying § 2K2.1(a)(2).

---

[4] K.S.A. 21-6804(a).

[5] K.S.A. 21-6804(c).

[6] *Id.*

[7] K.S.A. 21-6803(c)-(d).

Defendant's state conviction for Criminal Use of Weapons (sawed off shotgun) is a felony under Kansas statutes and Kansas Sentencing Guidelines. Defendant argues that Kansas law does not expressly classify crimes as felonies or misdemeanors, such that the actual sentence imposed under the Kansas Sentencing Guidelines is determinative of the classification. So, Defendant argues, because he could not have received a sentence in excess of 9 months, the offense was not a felony crime under Kansas law, as applied to him.

There are multiple references in the Kansas statutes and Kansas Sentencing Guidelines to offense classifications. Indeed, the Kansas statutes define a felony crime as "punishable by death or by imprisonment in any state correctional institution or a crime which is defined as a felony by law."[8] And, the Kansas Sentencing Guidelines grid is specifically and expressly for felonies,[9] while the classification and terms of confinement for misdemeanors is governed by a separate statute.[10] The actual sentence received, or the maximum sentence available is simply immaterial, for under the Kansas Sentencing Guidelines grid, some "nondrug" felonies are categorized as presumptive prison, and some are categorized as presumptive nonprison.[11]

Moreover, Defendant was convicted of an offense that is in fact defined as a felony by law. Criminal Use of Weapons (Sawed-Off Shotgun) is an offense pursuant to K.S.A. 21-6301(a)(5), which provides in pertinent part, "Criminal use of weapons is knowingly: (5) selling, manufacturing, purchasing or possessing a shotgun with a barrel less than 18 inches

---

[8]K.S.A. 21-5102.

[9]K.S.A. 21-6804(d).

[10]K.S.A. 21-6602.

[11]K.S.A. 21-6804(a). *See also* K.S.A. 21-6708 (discussing the presumptive sentence of probation for ceratin class D or E felonies).

4

in length." This crime is classified as a "severity level 9, nonperson felony."[12]  For these reasons, even if the application of U.S.S.G. § 2K2.1(a)(2) was dependent on the classification of the offense under state law, the § 2K2.1(a)(2) enhancement is appropriately applied in this case because Defendant's conviction was a felony offense.

**B.     U.S.S.G. § 2K2.1(a)(2) enhancement is proper.**

In any event, whether Defendant's prior conviction is a qualifying felony under § 2K2.1(a)(2) depends on construction of that guideline.  Thus, the Court begins, as it must, with the plain language of U.S.S.G. § 2K2.1(a)(2), which raises the base offense level to 24 if the defendant "committed any part of the instant offense subsequent to sustaining at least two felony convictions for either a crime of violence or a controlled substance offense."[13]  Commentary in the Sentencing Guidelines manual is authoritative unless it violates the Constitution, federal statutes or results in a plainly erroneous interpretation of the guideline.[14]  Courts "can presume that the interpretations of the guidelines contained in the commentary represent the most accurate indications of how the Commission deems that the guidelines should be applied to be consistent with the Guidelines Manual as a whole as well as the authorizing statute."[15]

Application Note 1 to § 2K2.1(a)(2) states, "Felony conviction" means a "prior adult federal or state conviction for an offense punishable by death or imprisonment for a term

---

[12]K.S.A. 21-6301(b)(2).

[13]U.S.S.G. § 2K2.1(a)(2).

[14]*Stinson v. United States*, 508 U.S. 36, 38 (1993); *United State v. Novey*, 78 F.3d 1483, 1487 (10th Cir. 1996)*; United States v. Meek*, 998 F.2d 776 (10th Cir. 1993).

[15]*Stinson*, 508 U.S. at 38; *United States v. Morris*, 562 F.3d 1131 (10th Cir. 2009) (holding that the commentary in Application Note 14(B) of U.S.S.G. § 2K2.1(b)(6) was not inconsistent with the guideline itself and therefore, the commentary was controlling in computing the petitioner's sentence).

exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed." Despite this clear definition, Defendant argues that his conviction does not fit the language "punishable by . . . imprisonment for a term exceeding one year," because under the Kansas sentencing scheme, he could not actually receive a sentence exceeding 9 months given his criminal history status. Defendant, in effect, argues that "punishable" refers to what sentence he could have received based on his own criminal history. This interpretation is contrary to the express language of Application Note 1. Defendant's prior conviction is punishable by imprisonment for a term exceeding one year, and is in fact specifically classified as a felony under Kansas law, although it need not be for application of this guideline. Accordingly, the Court finds that a plain language reading of § 2k2.1(a)(2) supports application of the enhancement for Defendant's prior firearms conviction because the statutory maximum for the offense conduct is punishable by imprisonment for a term exceeding one year.

**C.**	**Supreme Court and Circuit Decisions Contemplating Recidivist Enhancements**

Defendant next argues that the Court must disregard the express language in Application

Note 1 based on United States Supreme Court,[16] Sixth Circuit,[17] Fourth Circuit,[18] and Eighth Circuit[19] decisions. With the exception of the Fourth Circuit decisions, the other decisions construe other statutes that include terms such as "aggravated felony,"[20] "felony drug offense,"[21] and "illicit trafficking,"[22] but do not involve construction of § 2K2.1(a)(2). But a maxim of statutory interpretation is that "similar language used in different sources of law may be

---

[16]*Moncrieffe v. Holder*, 133 S. Ct. 1678, 1688 (2013) (holding that whether a non-citizen's conviction for a marijuana distribution without remuneration qualifies as an aggravated felony under the Immigration Nationality Act is determined by an individual defendant's actual record of conviction ); *Carachuri-Rosendo v. Holder*, 560 U.S. 563, 582 (2010) (holding that the "mere possibility that defendant's offense which resulted in a 10–day sentence for the unauthorized possession of a trivial amount of drugs, coupled with facts outside of the record of conviction could have authorized a felony conviction under federal law" is insufficient to establish that defendant was convicted of an "aggravated felony" under the Immigration Nationality Act").

[17]*United States v. Pruitt*, 545 F.3d 416, 424 (6th Cir. 2008) (holding that courts should only consider what an individual's recidivist record exposed him to rather than the worst possible recidivist under U.S.S.G. §§ 4B1.1 and 4B1.2).

[18]*United States v. Simmons,* 649 F.3d 237, 243–44 (4th Cir. 2011) (holding that defendant's prior state conviction for marijuana possession, for which individual defendant faced no possibility of imprisonment, was not "punishable by imprisonment for a term exceeding one year" under the Controlled Substances Act). The Court notes that subsequent Fourth Circuit decisions, which Defendant does not rely on, extended *Simmons* to cases involving § 2K2.1(a)(2) but only briefly discussed the definition of "prior felony conviction" under this guideline and did not provide a robust analysis to explain why the Circuit extended *Simmons* considering that it involves a different source of law. *See United States v. Garrison*, 448 Fed. App'x 388 (4th Cir. 2011); *United States v. Lewis*, 451 F. App'x 294 (4th Cir. 2011); *United States v. Leach*, 449 Fed. App'x 285 (4th Cir. 2011); *United States. v. Brown*, 452 Fed. App'x 255 (4th Cir. 2011). *But see*, *United States v. Kerr*, 737 F.3d 33, 39 (4th Cir. 2013) (holding that where defendant had a prior state firearms conviction which had a maximum sentence of 11 months based on the defendant's mitigating sentence range, but the presumptive sentence range for defendant's offense conduct was 14 months, defendant's maximum term of imprisonment exceeded one year and thus, qualified as a felony under the ACCA).

[19]*United States v. Haltiwanger*, 637 F.3d 881, 884 (8th Cir. 2011) (holding that where defendant's prior conviction under Kansas law subjected him to sentence no greater than seven months, notwithstanding that hypothetical recidivists convicted of the same conduct could receive a sentence exceeding a year, the sentence term was not "punishable by imprisonment for more than one year" under the Controlled Substances Act).

[20]8 U.S.C. § 1101(a)(43); *see Carachuri-Rosendo*, 560 U.S. at 574; *Moncrieffe*, 133 S. Ct. 1678 at 1682.

[21]21 U.S.C. § 841(b)(1)(D); *see Simmons,* 649 F.3d at 249.

[22]18 U.S.C. § 924(c)(2); *see Carachuri-Rosendo*, 560 U.S. at 574; *Moncrieffe*, 133 S. Ct. 1678 at 1685–86.

7

interpreted differently."[23] The First Circuit recognized as much in *United States v. Damon*,[24] holding that the proper interpretation of § 2K2.1(a)(2) is based on its plain language, not on interpretation of some other statute by analogy. This Court agrees.

In *United States v. Hill*, the Tenth Circuit considered whether a defendant's prior Kansas conviction constituted a felony under the Armed Career Criminal Act ("ACCA").[25] The ACCA defines a felony as a "crime punishable by imprisonment for a term exceeding one year."[26] In *Hill*, the Tenth Circuit held that the defendant's prior conviction qualified as a felony under the ACCA because the offense conduct, exclusive of his individual history, carried a maximum penalty of 23 months' imprisonment.[27] Although , *Hill* involves interpretation of a federal statute and not the guideline applicable to this case and while the Court relies on *Hill* to the extent that it instructs on how federal courts determine the maximum length of a sentence under Kansas law, here the Court looks to the guideline alone in determining the definition of a felony.

Defendant asserts that *Hill* incorrectly relied on *United States v. Rodriquez*[28] in holding that courts are to focus on the maximum sentence for the crime rather than the maximum

---

[23] *United States v. Damon*, 595 F.3d 395, 400 (1st Cir. 2010) (citing *United States v. Giggey*, 551 F.3d 27, 36 (1st Cir. 2008)).

[24] 595 F.3d at 400–01.

[25] 539 F.3d 1213 (10th Cir. 2008).

[26] 18 U.S.C. § 922(g)(1).

[27] *Hill*, 539 F.3d at 1221.

[28] 553 U.S. 377, 390–93 (rejecting the argument that "mandatory guidelines systems that cap sentences can decrease the 'maximum term of imprisonment'" and holding that the "maximum term of imprisonment," for the purposes of determining whether a prior offense qualified as a "serious drug offense" under the ACCA, must be determined with reference to applicable recidivist enhancements for the prior offenses).

sentence exposure of the individual defendant.[29] Defendant argues that such a model does not translate into Kansas' statutory scheme because individuals are subject to varying sentencing ranges based on their criminal history. This Court disagrees. The fact that individuals receive varying sentencing ranges does not mean that statutory minimums and maximums are not clearly defined. Indeed, Kansas clearly defines Defendant's prior conviction as a felony offense

Defendant next argues that *Carachuri-Rosendo v. Holder*[30] abrogates the Tenth Circuit's holding in *Hill*. At issue in *Carachuri* was whether a subsequent simple possession offense constituted an "aggravated felony" under the Immigration and Nationality Act ("INA").[31] Among other things, the maximum term of imprisonment authorized must exceed one year for an offense to qualify as a felony under the INA.[32] In listing the offenses that qualify as an "aggravated felony," one being drug trafficking crimes,[33] the INA incorporates the definition of "drug trafficking" under the Controlled Substances Act ("CSA").[34] The petitioner in *Carachuri* was sentenced to twenty days' imprisonment by a Texas court for possessing less than two ounces of marijuana.[35] A first-time simple possession offense like the one petitioner was convicted of is generally categorized as a federal misdemeanor.[36] The government argued that

---

[29] *Hill*, 539 F.3d at 1218.

[30] 560 U.S. at 563.

[31] 8 U.S.C. §§ 1101(a)(43), 1229b(a)(3); 130 S. Ct. at 2585.

[32] *Carachuri-Rosendo*, 560 U.S. at 2581.

[33] 8 U.S.C. § 1101(a)(43)(B).

[34] 18 U.S.C. 924(c).

[35] *Carachuri-Rosendo*, 560 U.S. at 567.

[36] *Id.* at 567.

the petitioner could have received a prison term that exceeded one year, and thus a felony, had he been tried in federal court as a recidivist.[37] Winding through "a maze of statutory-cross references,"[38] the Supreme Court in *Carachuri* held that where a defendant's simple possession offense may or may not have been a felony under federal law, "defendant must *also* have been *actually convicted* of a crime that is itself punishable as a felony under federal law" to be punishable as a felony under the Controlled Substances Act.[39]

The *Carachuri* analysis does not apply to the issue before this Court, because different statutes are at issue. *Carachuri* really addresses the problem of applying recidivism provisions without the benefit of a judicial determination of a critical element in that determination. But here, there is no need for a judicial determination as to whether Defendant's conduct constituted a misdemeanor or a felony under Kansas law. Kansas law does not establish separate elements that distinguish whether this offense is a felony or a misdemeanor. And Defendant is not suggesting, nor could he, that this Court is unable to apply the guideline without a factual determination of whether the behavior underlying his offense constituted a misdemeanor or a felony under Kansas law, because Kansas law does not classify this offense as a felony under some circumstances and a misdemeanor under others. It merely sentences people to different guideline ranges based on their prior criminal history points. Defendant's characterization of this as a "recidivism" statute is an attempt to bring this within the ambit of *Carachuri*, but there simply is no basis for that characterization. Under the Kansas sentencing scheme, a

---

[37] *Id.* at 569.

[38] *Id.* at 567.

[39] *Id.* at 581–582.

defendant's guideline range is determined based on two elements, the offense and his criminal history points. Conversely, in *Carachuri*, the Supreme Court focused on whether the defendant's prior conviction for the same offense rendered him a recidivist that triggered mandatory minimums or other sentencing enhancements. Here, the Kansas Sentencing Guidelines assess criminal history points (much like the federal system assesses criminal history points) that hone in on the number of prior convictions, not some "recidivist" assessment based on prior similar convictions.

The Court will not attempt to overlay a complex construction process onto the simple construction of § 2K2.1(a)(2). Such an approach is not useful and would lead to a flawed result. Before reaching the issue of recidivist findings, *Carachuri* first looked to the proscribed conduct to determine whether or not it was a felony under federal law. *Carachuri* explained that the federal counterparts of a defendant's prior state convictions would not be punishable as a felony in federal court for the proscribed conduct alone under the Guidelines.[40] In this case, Defendant's conviction meets the threshold requirement that the conviction in *Carachuri* failed to establish. More specifically, the proscribed conduct underlying Defendant's state conviction meets the definition of a felony under federal law absent a recidivist enhancement. Under the Guidelines, the federal counterpart for Defendant's prior firearms conviction[41] would put him at a base offense level of 12, for which the custodial sentence range is 10-16 months.[42] Moreover, the Supreme Court did not expand its analysis to indicate how federal courts should treat a

---

[40]*Id.* at 580–81.

[41]*See* PSR ¶ 35 for description of the conviction.

[42]*See* U.S.S.G. § 2K2.1.

petitioner's prior conviction for underlying conduct that *is* punishable as a felony. Thus, *Carachuri* is inapposite in determining whether the defendant's prior Kansas conviction for possession of a firearm is a felony within the meaning of § 2K2.1(a)(2).

The Supreme Court narrowly confined its holding in *Carachuri* to INA cases in which a prior simple possession offense was at issue. In doing so, the Supreme Court was tasked with peeling back the multiple illogical steps that were taken to treat a simple possession conviction as an aggravated felony. This case involves a conviction and enhancement governed by construction of different key terms under the Guidelines rather than the INA and CSA. *Carachuri* construed the definition of an "aggravated felony" under a statute rather than a "prior felony conviction" under the Guidelines, as here. *Carachuri* even highlighted the fact that the term "aggravated felony" is unique to federal immigration statutes, as it does not exist elsewhere in the United States Code.[43] There is no "maze of statutory cross-references" before this Court. The Court need only look to the guideline and its relevant application note to determine the definition of a prior felony conviction. A bedrock principle of statutory construction is that interpretation of an unambiguous statute begins and ends with the statute itself.[44]

For all of the reasons stated above, the Court overrules and denies Defendant's objection to application of § 2K2.1(a)(2) to his August 9, 2011 prior conviction for criminal use of weapons.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's objection to application of § 2K2.1(a)(2) to his August 9, 2011 prior conviction for criminal use of weapon is

---

[43]*Carachuri-Rosendo*, 560 U.S. at 574.

[44]*United States v. Sprenger*, 625 F.3d 1305, 1307 (10th Cir. 2010) *cert. denied*, 131 S. Ct. 1030 (2011) (quoting *Toomer v. City Cab*, 443 F.3d 1191, 1194 (10th Cir. 2006)).

OVERRULED and DENIED.

Dated: February 3, 2014

                                           S/ Julie A. Robinson

                                           JULIE A. ROBINSON

                                           UNITED STATES DISTRICT JUDGE